IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

RACHEL CLAY,

Plaintiff,

vs.

CREDIT BUREAU ENTERPRISES, INC.,

Defendant.

No. C11-2007

RULING ON MOTION FOR RELIEF
FROM JUDGMENT AND/OR
MOTION TO ALTER OR AMEND
JUDGMENT

## TABLE OF CONTENTS

*I.*   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.*   *PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III.*   *LEGAL FRAMEWORK FOR RULES 59(e) AND 60(b)* . . . . . . . . . . . . . . 2

*IV.*   *DISCUSSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     *A.*   *Timeliness of Clay's Claims* . . . . . . . . . . . . . . . . . . . . . . . . 3
         *1.*   *Discrimination Based on Discipline* . . . . . . . . . . . . . . . 4
         *2.*   *Discrimination Based on Failure to Promote* . . . . . . . . . . 6
         *3.*   *Discrimination Based on Retaliation* . . . . . . . . . . . . . . 7
         *4.*   *Hostile Work Environment Claim and Continuing Violation Doctrine* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     *B.*   *Merits of Clay's Claims* . . . . . . . . . . . . . . . . . . . . . . . . . 11

*V.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*VI.*   *ORDER* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

This matter comes before the Court on the Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44) filed by Plaintiff Rachel Clay on June 19, 2012; and the Resistance (docket number 48) filed by Defendant Credit Bureau

Enterprises, Inc. ("CBE") on July 6, 2012.  Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## II. PROCEDURAL HISTORY

On March 1, 2011, after fully exhausting her administrative remedies, Clay filed a Complaint and Jury Demand (docket number 2) alleging race discrimination, harassment, hostile work environment, retaliation, and constructive discharge in violation of 42 U.S.C. § 1981 (Count I).  On April 8, 2011, CBE filed an Answer and Defenses (docket number 5), generally denying the material allegations contained in the complaint, and asserting certain affirmative defenses.  On March 16, 2012, CBE filed a Motion for Summary Judgment (docket number 17) seeking dismissal of Clay's complaint.  On May 31, 2012, the Court granted CBE's motion for summary judgment.[1]  *See* docket number 41.  Clay filed the instant  Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44) on June 19, 2012.

## III. LEGAL FRAMEWORK FOR RULES 59(e) AND 60(b)

Federal Rule of Civil Procedure 59(e) allows for the filing of a motion to alter or amend a judgment no later than 28 days after judgment has been entered.  *Id.*; *see also Wells Fargo Bank, N.A., v. WMR e-PIN, LLC*, 653 F.3d 702, 714 (8th Cir. 2011) (discussing Rule 59(e)).  A Rule 59(e) motion serves the "'limited function of correcting manifest errors of law or fact or to present newly discovered evidence.'"  *Id.* at 714 (quoting *Lowry v. Watson Chapel School District*, 540 F.3d 752, 761 (8th Cir. 2008)).  Rule 59(e) motions cannot be used to introduce new evidence, offer new legal theories, or raise arguments which could have been raised prior to entry of judgment.  *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

---

[1] On May 6, 2011, both parties consented to proceed before a United States Magistrate Judge, pursuant to the provisions set forth in 28 U.S.C. § 636(c).

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a "final judgment, order, or proceeding[.]" *Id.* The rule provides six enumerated reasons as grounds for relief. In her motion, Clay fails to identify which enumerated ground for relief is applicable to her case. It appears, however, that ground number six is the only enumerated ground which would apply in this matter. Specifically, Rule 60(b)(6) is a "catch-all" provision that states relief may be granted for "any other reason that justifies relief." In *Harley v. Zoesch*, 413 F.3d 866 (8th Cir. 2005), the Eighth Circuit Court of Appeals explained that "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his [or her] claim and have prevented the moving party from receiving adequate redress." *Id.* at 871. A Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

## IV. DISCUSSION

### A. Timeliness of Clay's Claims

In the ruling on CBE's motion for summary judgment, the Court determined that Clay's claims were time-barred because all of Clay's claims for race discrimination based on discipline, failure to promote, and retaliation occurred before March 1, 2007, the applicable statute of limitations date. The Court also determined that Clay's hostile work environment claim was time-barred because her allegations of a hostile work place were not part of one unlawful employment practice, and did not create a continuing violation. Clay argues that the Court made "manifest errors of fact" by not considering: (1) three disciplinary actions that allegedly took place after March 1, 2007; (2) the fact that Clay was never promoted to a team lead position after March 1, 2007, despite graduating from the Team Lead training program on July 17, 2007; (3) multiple instances of retaliation that occurred after March 1, 2007; (4) multiple instances of a hostile work environment that occurred after March 1, 2007; and (5) facts which would trigger the continuing violation doctrine.

### 1.    *Discrimination Based on Discipline*

Clay asserts that she suffered race-based discipline on three instances after March 1, 2007.  Specifically, Clay points to instances of discipline on March 15, 2007, August 7, 2007, and August 14, 2007.  Clay concedes that none of these instances of alleged discipline were documented by CBE.  As evidence for these instances of discipline, Clay refers to a written statement she provided to the Iowa Civil Rights Commission ("ICRC"), detailing various disciplinary actions taken against her by CBE.  Specifically, on March 15, 2007, Clay claims that she was taken into a conference room and told her pants violated the dress code.  Apparently, she was allowed to wear her pants for the remainder of the day, and was not actually disciplined for the incident.[2]  On August 7, 2007, Clay claims that she received a coaching for an error she made in her first week of training on a new procedure.  Clay further claims that a white employee made mistakes all the time, but was not held accountable.[3]  Similarly, on August 17, 2007, Clay claims that she was given a written coaching for not properly documenting information and giving that information to the wrong department.  Again, Clay alleges that other white employees made similar mistakes, but were not disciplined.[4]

While the Court recognizes that on a motion for summary judgment, the record must be viewed in the light most favorable to the nonmoving party and the nonmoving party must be afforded all reasonable inferences, the nonmoving "'may not merely point to unsupported self-serving allegations, but must substantiate [her] allegations with sufficient probative evidence[.]'"  *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790

---

[2] *See* docket number 44-3 at 54; Exhibit A attached to Clay's Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44) ("She keeps reiterating that she was not going to send me home or give me a disciplinary action.").

[3] *Id.* at 55-56.

[4] *Id.* at 56.

4

(8th Cir. 2009) (quoting *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 872-73 (8th Cir. 2005)); *see also Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment."). In *Davenport v. Riverview Gardens School District*, 30 F.3d 940 (8th Cir. 1994), the Eighth Circuit addressed a Title VII race discrimination claim where among other things, the plaintiff, a discharged employee, argued that similarly situated white employees committed the same infractions, but were not discharged. *Id.* at 945. In addressing the plaintiff's argument, the Eighth Circuit determined:

> While evidence supporting this claim would be highly relevant to the issue of pretext, plaintiff presented no such evidence other than his own unsubstantiated allegations in deposition. In light of plaintiff's failure to adduce any independent evidence to substantiate his disparate treatment claim, we agree with the district court that there is no genuine issue of fact on the issue of pretext and the ultimate issue of intentional discrimination. Defendant is therefore entitled to judgment as a matter of law on plaintiff's Title VII claim of discriminatory discharge.

*Id.* Similarly, in *Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104 (8th Cir. 1998), the plaintiff alleged that she was treated differently than similarly situated white employees. Specifically, the plaintiff stated that she was "subjected to an evaluation process different from that used with her fellow employees and certain white employees received promotions for which they were not qualified." *Id.* at 1109. The Eighth Circuit concluded that the plaintiff's:

> unsubstantiated and conclusory allegations are insufficient to support an inference of pretext. Rose-Maston points to no specific factual evidence supporting her claim, choosing instead to rely upon bald assertions of favoritism. Conclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment.

*Id.* (citations omitted).

Here, Clay's allegations of discipline after March 1, 2007, fall into the category of "[m]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions[.]" *Thomas*, 483 F.3d at 527. Clay presents no probative evidence to support her claims of race-based discipline after March 1, 2007. *See Reed*, 561 F.3d at 790. Accordingly, the Court finds that Clay has failed to present any manifest errors of law or fact or any newly discovered evidence requiring the Court to alter or amend judgment on this issue.

### 2.    *Discrimination Based on Failure to Promote*

Clay asserts that she was discriminated against by CBE's failure to promote her after March 1, 2007. Specifically, Clay argues that she:

> graduated from CBE's Team Lead training program on July 17, 2007. Despite her graduation, CBE never actually promoted her. Ms. Clay perceived CBE's perpetual failure to promote her to Team Lead -- especially after her graduation from Team Lead training -- to be discriminatory.

Clay's Brief in Support of Her Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44-1) at 5. While Clay refers to an instance where she was allowed to submit an informal application for a promotion to a Team Lead position in January 2007, she presents no evidence with regard to a formal or informal application for a Team Lead position after March 1, 2007. Moreover, Clay fails to present any evidence regarding the qualifications of an individual who ultimately received a Team Lead position she applied for after March 1, 2007. *See Rose-Maston*, 133 F.3d at 1109-10 (granting summary judgment in a failure-to-promote claim because the plaintiff failed to present sufficient evidence regarding the qualifications of the individual who obtained the position). Additionally, there is no probative evidence suggesting that graduation from CBE's Team Lead training program automatically guarantees a promotion to a Team Lead position. Therefore, the Court concludes that Clay's argument has no merit with regard to the issue of timeliness. Accordingly, the Court finds that Clay has failed to present any

manifest errors of law or fact or any newly discovered evidence requiring the Court to alter or amend judgment on this issue.

### 3.    *Discrimination Based on Retaliation*

Clay asserts that she suffered retaliation on five instances after March 1, 2007. Specifically, Clay points to instances of retaliation in (1) March 2007, (2) March 12, 2007, (3) March 15, 2007, (4) April 6, 2007, and (5) January 14, 2008.   Numbers 1 and 2 appear to refer to the same incident on March 12, 2007.   Clay offers no discussion of this incident in her brief.   This incident involved Clay's request to make-up time missed at work.   According to Clay, she was required to fill-out a form that other white employees did not have to fill out.   Whether Clay's allegations are true or not, it is unclear to the Court how this incident constitutes retaliation for complaints of racial discrimination, because there was no adverse employment action.   *See Gacek v. Owens & Minor Distribution, Inc.*, 666 F.3d 1142, 1146 (8th Cir. 2012) (stating that one element of a prima facie case for retaliation is an adverse employment action).   Clay claims that she was taken into a conference room on March 15, 2007, and told her pants violated the dress code.   Apparently, she was allowed to wear her pants for the remainder of the day, and was not actually disciplined for the incident.[5]   Again, Clay offers no discussion of this incident in her brief, and it is unclear to the Court how this incident constitutes retaliation for complaints of racial discrimination.   *See id.*

The Court addressed the April 6, 2007 incident in its initial ruling on CBE's motion for summary judgment, and determined that "[w]hile Clay may have complained about a supervisor changing her time card, she offers no evidence regarding how she was retaliated

---

[5] *See* docket number 44-3 at 54; Exhibit A attached to Clay's Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44) ("She keeps reiterating that she was not going to send me home or give me a disciplinary action.").

against for this complaint."[6] In her brief, Clay argues that it was not the complaint itself that constituted retaliation, but the supervisor's action of changing her time card that constituted retaliation for "numerous prior complaints of racial discrimination related to [the supervisor's] management."[7] The Court is unpersuaded by Clay's argument. A review of the alleged "numerous prior complaints of racial discrimination" shows that Clay's complaints were either not based on racial discrimination or were directed to co-workers, not her employer.[8] Therefore, the Court finds that Clay has failed to present any manifest errors of law or fact or any newly discovered evidence requiring the Court to alter or amend judgment on the April 6, 2007 incident.

Lastly, the January 14, 2008 incident involved three telephone calls to Clay inquiring when Clay would return to work following surgery. Clay asserts that she gave CBE a doctor's note which provided a return date, but the phone calls "implied" that she

---

[6] *See* Ruling on Motion for Summary Judgment (docket number 41) at 15, n.15.

[7] Clay's Brief in Support of Her Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44-1) at 6.

[8] *See* Clay's Statement of Additional Disputed Facts (docket number 21-2) at 19, 20, and 21-22; ¶¶ 99, 105, and 116-121. In deposition testimony relied on to support ¶ 99, Clay stated that she didn't mention race in her complaint to the supervisor, she simply asked the supervisor to stop picking on her. *See* docket number 44-3 at 10-11; Exhibit A attached to Clay's Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44); Clay's Deposition at 85:14-86:25. The incident referred to in ¶ 105 involved Clay complaining to a co-worker that she was the recipient of racial discrimination. The Court finds two problems with this alleged incident. First, there is no indication that Clay suffered an adverse employment action. Second, Clay complained to a co-worker, not CBE; therefore, no causal connection exists between any protected activity and an adverse employment action, even if there was an adverse action. *See Gacek*, 666 F.3d at 1146. Lastly, ¶¶ 116-121 refer to an incident where Clay, again, stated that race was not an issue in her complaint. *See* docket number 44-3 at 64; Exhibit A attached to Clay's Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44) ("When Teresa told me what I was in the office for I told her that what she heard was not true at all because I didn't even tell anyone I applied for the position so I wouldn't tell anyone that I didn't get it because I was black.").

needed to return to work before that date. Again, Clay offers no discussion of this incident in her brief, and it is unclear to the Court how this incident constitutes retaliation for complaints of racial discrimination. *See Gacek*, 666 F.3d at 1146.

In summary, the Court finds that Clay has failed to present any manifest errors of law or fact or any newly discovered evidence requiring the Court to alter or amend judgment on the timeliness of her retaliation claim.

### 4.    *Hostile Work Environment Claim and Continuing Violation Doctrine*

Clay asserts that the record "contains evidence of no less than twelve instances of racially derogatory acts that occurred during the limitations period."[9] Clay concludes that "[t]hese facts show that the Court erred in holding that 'the only alleged harassing conduct of which Clay complains that occurred during the limitations period consists of four events, three of which involved Supervisor Kim Selberg.'"[10] Contrary to Clay's assertion, the Court considered the entire record, including the 12 alleged instances of a hostile work environment after March 1, 2007, in making its determination on the timeliness of her hostile work environment claim. The Court focused on the four instances involving Selberg and Teal because CBE addressed those instances, while Clay failed to address any instances of a hostile work environment in her statute of limitations argument. Instead of offering an argument on this issue, Clay simply stated that her "Statement of Additional Disputed Facts shows that acts of discrimination, retaliation, and actions which constitute a hostile work environment occurred within the statute of limitations period from March 11, 2011, [*sic*] back to March 11, 2007 [*sic*]."[11] Having considered the record on

---

[9] Clay's Brief in Support of Her Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44-1) at 7.

[10] *Id.* at 8-9 (quoting the Court's Ruling on the Motion for Summary Judgment (docket number 41) at 16-17, in turn quoting CBE's Reply in Support of Its Motion for Summary Judgment (docket number 28-1) at 2-4).

[11] Clay's Brief in Support of Her Resistance to Defendant's Motion for Summary
(continued...)

this issue, the Court determined that her hostile work environment claim was untimely because:

> Clay's assertion of a hostile work environment is based on an amalgamation of discrete incidents, involving different departments within CBE and different CBE employees, and not one 'unlawful employment practice. . . .' Clay's allegations of a hostile work environment are not similar in nature, frequency, and severity before and after the limitations period.

Ruling on the Motion for Summary Judgment (docket number 41) at 17. Moreover, Clay's allegations of the 12 instances of a hostile work environment come from Clay's written statement from the Iowa Civil Rights Commission ("ICRC"). As discussed in sections *IV.A.1* of this decision, Clay's written statement for the ICRC is evidence that falls into the category of "[m]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions[.]" *Thomas*, 483 F.3d at 527. Clay presents no probative evidence to support her claims of a hostile work environment after March 1, 2007. *See Reed*, 561 F.3d at 790. Accordingly, the Court finds that Clay has failed to present any manifest errors of law or fact or any newly discovered evidence requiring the Court to alter or amend judgment on this issue.

Clay also argues that the Court erred in not finding that the continuing violation doctrine applied to her hostile work environment claim. Clay's argument is predicated on the Court finding that Clay's allegations of a hostile work environment after March 1, 2007, have merit. As discussed above, the Court does not find that her allegations have merit. Moreover, in its Ruling on Motion for Summary Judgment, the Court determined that Clay's allegations amounted to an amalgamation of discrete incidents and not one unlawful employment practice. *See* Ruling on Motion for Summary Judgment (docket number 41) at 17. Such allegations do not trigger the continuing violation doctrine. *See*

---

[11](...continued)
Judgment (docket number 21-3) at 34.

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). Specifically, the thrust of Clay's alleged instances of a hostile work environment after March 1, 2007, are individual discrete acts of allegedly wrongful discipline by several different managers and supervisors.[12] "[D]iscrete acts of retaliation such as a termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, *wrongful discipline*, and denial of training . . . must be raised within the applicable limitations period or they will not support a lawsuit." *Miller v. Stifel, Necolaus & Co.*, Inc., 812 F. Supp.2d 975, 984 (D.Minn. 2011) (Emphasis added). Therefore, the Court concludes that Clay has failed to present any manifest errors of law or fact or any newly discovered evidence requiring the Court to alter or amend judgment on the issue of a continuing violation.

## B. Merits of Clay's Claims

In the ruling on CBE's motion for summary judgment, the Court determined that each of Clay's claims lacked merit, and granted summary judgment in favor of CBE. Clay argues that the Court made "manifest errors" by not viewing the evidence in the light most favorable to Clay in each of her claims, including race discrimination based on discipline, failure-to-promote, and hostile work environment; retaliation; and constructive discharge. Clay also argues that the Court failed to view the evidence for all of her claims in accordance with Federal Rule of Evidence 701. Clay offers no authority in her brief to support these arguments. *See* Clay's Brief in Support of Her Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44-1) at 13-20. Failure to brief an issue in more than a "perfunctory manner," allows a court to consider the issue waived. *Ramirez v. Debs-Elias*, 407 F.3d 444, 447 at n.3 (1st Cir. 2005) (cited

---

[12] *See* Clay's Brief in Support of Her Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44-1) at 7-8 (listing the 12 alleged instances of a hostile work environment after March 1, 2007).

with approval in *United States v. Johnson*, 403 F. Supp. 2d 721, 764 (N.D. Iowa 2005)). *See also* Local Rule 7.d (Requiring the movant to provide a brief containing "citations to the authorities upon which the moving party relies."); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived.").

Nevertheless, even though the Court finds that Clay has waived her arguments regarding the Rule 701 evidence and the proper light in which her evidence should have been viewed on the motion to alter or amend judgment, the Court will address the issue. Federal Rule of Evidence 701 provides in pertinent part:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; . . .

*Id.* Clay argues that her:

> ICRC statements were rationally based upon her perception. . . . This testimony is in stark contrast to plaintiffs whose allegations are based upon mere hunches or gut feelings. Ms. Clay actively observed everything she described in the notes the Court readily dismissed. In doing so, the Court failed to consider highly probative evidence that completely defeats all of Defendant's summary judgment arguments.

Clay's Brief in Support of Her Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44-1) at 14. The Court agrees that Clay's written ICRC statement was rationally based upon her perception, and did not find in the summary judgment ruling that her written statement was inadmissible under any rule of evidence.

Instead, the Court determined that Clay's written ICRC statement constituted "unsupported self-serving allegations" that was insufficient to defeat summary judgment. *See Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) ("In order to

establish the existence of a genuine issue of material fact, 'a plaintiff may not merely point to unsupported self-serving allegations.' *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)). While the Court recognizes that on a motion for summary judgment, the record must be viewed in the light most favorable to the nonmoving party and the nonmoving party must be afforded all reasonable inferences, the nonmoving "'may not merely point to unsupported self-serving allegations, but must substantiate [her] allegations with sufficient probative evidence[.]'" *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790 (8th Cir. 2009) (quoting *Bass*, 418 F.3d at 872-73); *see also Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment."). Clay presents no probative evidence to support the allegations in her written statement to the ICRC. *See Reed*, 561 F.3d at 790. Accordingly, the Court finds that Clay has failed to present any manifest errors of law or fact or any newly discovered evidence requiring the Court to alter or amend judgment on the merits of her various claims.

## V.  CONCLUSION

The Court finds that Clay has failed to present any manifest errors of law or fact or any newly discovered evidence requiring the Court to alter or amend judgment on its findings that Clay's claims were untimely and without merit. *See* Ruling on Motion for Summary Judgment (docket number 41). Therefore, the Court determines that Clay's motion to alter or amend judgment is denied.

## VI.  ORDER

**IT IS THEREFORE ORDERED** that the Motion for Relief from Judgment and/or Motion to Alter or Amend Judgment (docket number 44) filed by Plaintiff Rachel Clay on June 19, 2012, is hereby **DENIED**.

DATED this _20th_ day of August, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA